PEOPLE'S GUARANTY STATE BANK OF TYLER v. CASTLE et al. (No. 2184.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 6, 1920. Rehearing Denied Feb. 12, 1920.)

1. EVIDENCE ⬤⟿65—BANK HELD AS MATTER OF LAW TO KNOW INVALIDITY OF SALE OF ROAD DISTRICT BONDS ON CREDIT.

A bank, purchasing road bonds under Loc. & Sp. Acts 33d Leg. (1913) c. 70, providing that such bonds be sold to the highest bidder for cash, must be held as matter of law to know that a sale and purchase of the bonds partly on credit, or deferred installment payments, was in violation of the law and void.

2. HIGHWAYS ⬤⟿90—SALE OF ROAD DISTRICT BONDS ON CREDIT VOID.

Under Loc. & Sp. Acts 33d Leg. (1913) c. 70, providing that road district bonds should be sold to the highest bidder for cash, a sale and purchase of the bonds partly on credit, or deferred installment payments, was void.

3. HIGHWAYS ⬤⟿90—PURCHASER OF ROAD DISTRICT BONDS AT VOID SALE LIABLE THEREFOR TO COUNTY.

Where bank bought road district bonds under Loc. & Sp. Acts 33d Leg. (1913) c. 70, partly on credit, or deferred installment payments, and obtained title to the bonds and sold them to another bank, the first bank, even though the sale and purchase of the bonds was void, was liable in debt to the county for the bonds.

4. HIGHWAYS ⬤⟿90—LIABILITY OF BANK FOR PURCHASE PRICE OF ROAD BONDS SOLD ON CREDIT AS DEBTOR TO COUNTY AND NOT AS DEPOSITEE OF COUNTY.

Where bank bought road district bonds under Loc. & Sp. Acts 33d Leg. (1913) c. 70, partly on credit, or deferred installment payments, and sold the bonds to another bank, the sale by the road district and purchase of the bonds by the first bank being void because on credit, the liability of the bank to the county was in the nature of a debt, and an order to presently command the delivery of any money by such bank to the depository of the county could not exist; no money being actually on deposit in the bank.

5. APPEAL AND ERROR ⬤⟿954(1)—EXERCISE OF DISCRETION BY TRIAL JUDGE IN RESPECT TO TEMPORARY MANDATORY INJUNCTION NOT DISTURBED.

An appellate court will not ordinarily interfere with the exercise of discretion by a trial judge in respect to a temporary mandatory injunction in vacation, unless a right is clearly shown to exist to which recognition has not been properly accorded.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Suit by the People's Guaranty State Bank of Tyler against W. R. Castle and others. Judgments for defendants, and plaintiff appeals. Affirmed.

The People's Guaranty State Bank of Tyler, Tex., brought the suit against the county judge and the commissioners' court of Smith county and the First National Bank of Troup, Tex., seeking a temporary mandatory injunction, and on a final hearing for the order to be made permanent to compel the payment to the county treasurer of Smith county of the proceeds derived from the sale of certain road bonds, to the end that the money would be, as the law directs, turned over to appellant, the depository of said county. The judge in vacation heard the testimony on the application, and refused to grant the temporary injunction. The judge made findings of fact substantially as follows:

That Smith county is acting under a special road law of the Thirty-Third Legislature (see Acts of the 33d Legislature p. 262), and under that law any defined road district of Smith county may issue bonds for the purpose of constructing, maintaining, and operating public roads in such district. The act authorizes and continues the custody of the bonds in the commissioners' court of the county until by that court sold to the highest and best bidder for cash, either in whole or parcels, at not less than their par value. An election was duly and legally held in Troup road district No. 6, of the said county, on November 3, 1917, and a two-thirds majority of the legal votes cast at the election were in favor of the issuance of bonds in the district in the sum of $100,000. The First National Bank of Troup bid on the bonds par and accrued interest to the date of the delivery of the bonds to an amount aggregating $105,472, less $1,150 costs and attorney's fees incurred by the bank, the same to be paid by the bank as follows: $4,322 cash, and the remainder in 20 equal installments of $5,000 each, the first installment due and payable on June 1, 1919. The commissioners' court approved the sale, and the First National Bank of Troup executed a personal bond to the county judge to secure the payment of the deferred payments. The People's Guaranty State Bank of Tyler, Tex., was appointed the depository of all the funds of Smith county for a period of two years from February, 1919. The First National Bank of Troup, after the bonds were delivered to it by the commissioners' court, sold the bonds to the City National Bank of

Dallas, Tex., and received payment for same. The cashier of the First National Bank of Troup, Tex., credited the road district on the books of the bank with the sum of $100,000, but this was understood as simply a matter of bookkeeping, and said sum was not in fact subject to check by either the commissioners' court or the Troup road district. The First National Bank of Troup bid for the bonds $3,750 more than any other person or association did, and this bid was made in order that the total sum of the bonds might be paid in monthly installments of $5,000 each. The trial judge denied the application for a temporary mandatory injunction, upon the ground that the First National Bank of Troup was entitled to a trial at the regular term of the court upon the validity of the contract of sale of the bonds.

Simpson, Lasseter & Gentry, of Tyler, for appellant.

Marsh & McIlwaine and J. A. Bulloch, all of Tyler, for appellees.

LEVY, J. (after stating the facts as above). The prayer of the application in this case is:

"To grant a temporary mandatory injunction commanding the defendants to pay the county treasurer of Smith county the remainder of the proceeds derived from the sale of the bonds."

And the application alleges that:

"The proceeds derived from the sale of the bonds at this time amounts to $95,000, which sum is now on deposit in the defendant bank to the credit of road district No. 6 of Smith county, Texas."

But, after hearing the application, answer, and the evidence, the trial judge decided, in point of fact, that the said bank was not holding the purchase price of the bonds on deposit to the credit of the road district, but owed a debt to the county commissioners' court which was contracted by the commissioners' court under the sale and delivery of the bonds to the First National Bank of Troup for par value and accrued interest to date of the delivery, and that the said debt was not yet due. The transaction as made by the hearing then rested purely in contract, and there is involved the question of the validity of the contract. Under the terms of the special road law authorizing the issuance of the road bonds an undoubted power existed on the part of the commissioners' court to sell the bonds and at the aggregate price sold. But under the further terms of the law it is expressly provided that:

"Such bonds * * * shall be by said court sold to the highest bidder and best bidder for cash, either in whole or in parcels at not less than their par value." Section 16.

[1-5] The only departure from the statute is in taking notes payable monthly instead of cash for all the purchase price of the bonds. It is clear, as a legal rule, that the First National Bank of Troup would be held, as a matter of law, to know that a sale and purchase of the bonds partly on credit or deferred installment payments was in violation of the law and consequently to that extent a void act. But it does not follow that the bank is in consequence of that fact entirely relieved of any liability to pay for the bonds. And if title to the bonds passed to the Troup bank on the contract of sale, then the subsequent sale to the Dallas bank is only the fruit of the contract available to the Troup bank, and not to the road district. The enforcement of the liability for the original purchase by the Troup bank is, in the circumstances, in the nature of enforcing the payment of a debt. There being no money actually on hand on deposit, an order to presently command the delivery of any money would not exist. The claim of the county being in the nature of a debt, and the money not being actually on deposit in the First National Bank of Troup, we do not think that the trial judge erred in holding that the temporary mandatory injunction should not issue in advance of a final hearing of the case. The appellate court will not ordinarily interfere with the exercise of discretion by a trial judge in respect to a temporary mandatory injunction in vacation, unless a right is clearly shown to exist to which recognition has not been properly accorded by the trial judge.

The judgment is affirmed.